(58 Misc. Rep. 257.)

### In re CLEMENT, State Excise Com'r.

(Supreme Court, Special Term, Oneida County. March, 1908.)

INTOXICATING LIQUORS—LICENSE—REVOCATION.

> Where part of a building was occupied as a saloon, and the other as a disorderly house, and the parts were separated only by a hall, and drinks were supplied from the bar, it was a violation of the liquor tax law, authorizing the cancellation of the tax certificate.

Petition by Maynard N. Clement, as State Excise Commissioner, for the revocation of a liquor tax certificate issued to Fred J. Breithaupt. Certificate revoked.

William G. Van Loon, for petitioner.
J. A. Goldstone (Charles D. Phillips, of counsel), for Breithaupt.

DEVENDORF, J. Proceeding to obtain the revocation of liquor tax certificate on the ground that the certificate holder permitted the premises to become disorderly. The premises in question are situated on the westerly side of North Genesee street, in the city of Utica. The saloon was known as No. 61, and the disorderly house part as No. 63. The two numbers are contained in one building, consisting of a large three-story frame wooden building, and the saloon is situated

-in the southeasterly corner of the building, with an entrance from the
-street, and also from the hallway, which is the main entrance to the
building. The building, excepting the room used by the certificate
holder as a saloon, is occupied by one Brockway, the owner of the
building. The Brockway premises are unquestionably used as a house
of prostitution, and separated from this saloon only by a hall, excepting
as it may be argued that there are other doors leading from the hall-
way into other apartments.

The policy of the law is to prevent the sale of intoxicants upon
premises that are disorderly. In my opinion this case presents a fla-
grant violation of the statute in that regard. The two enterprises,
-namely, that of trafficking in liquors and that of conducting an estab-
lishment for the resort of lewd women, would, in my judgment, be no
more pronounced if they were owned and managed by one individual
in the same building or apartments. It appears from the evidence that
the inmates of the Brockway premises, together with their male com-
panions, were supplied with drinks from the bar in question. The
-saloon can readily be, and undoubtedly is, used as an entrance to the
disorderly house, and to all intents and purposes may be considered
as a part of it. It further appears from the evidence that the bartend-
er invited men to visit the rooms where the disorderly house was in
full operation, and there is also evidence tending to show that the
bartender's wife was one of the inmates of the house. At the time
-mentioned in the evidence there was a condition of things existing at
these premises which should be done away with. This saloon was a
part of the disorderly house. From the evidence they appear like
joint enterprises, and should be treated as such, and both put out of
business accordingly.

An order will therefore enter, revoking and canceling said liquor
tax certificate.

Ordered accordingly.